UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WALTER WILSON AND<br>CHARLES NEELY | CIVIL ACTION NO.<br><br>17-84-SDD-EWD |
| V. | |
| SGT. BYRAN SHARP; LT. BENJAMIN<br>OLIVEAUX, CPT. JAMES SPURLOCK;<br>SGT. REGGIE HAWKINS; AND LT. COLONEL<br>STEWART HAWKINS | |

**RULING AND ORDER DENYING MOTION TO STAY DISCOVERY**

Before the court is a Motion to Stay Discovery, filed by defendants, Sergeant Byran Sharp, Lieutenant Benjamin Oliveaux, and Sergeant Reggie Hawkins ("Movants").[1] The time period for filing an opposition memorandum has not passed, however, the undersigned does not find that an opposition memorandum is necessary to permit a ruling on this issue. For the reasons that follow, the Motion to Stay Discovery is DENIED.

Plaintiffs, inmates at Louisiana State Penitentiary, filed their Complaint alleging civil rights violations against all defendants. Specifically, Plaintiffs claim the defendants violated their Eight Amendment right to be free from cruel and unusual punishment and that the defendants engaged in the use of excessive force against Plaintiffs. Plaintiffs also assert claims under Louisiana state law.[2]

On June 2, 2017, Movants filed a Motion to Dismiss for Misjoinder, or, in the Alternative, Sever Inmate Plaintiffs' Claims ("Motion to Dismiss"). The Motion to Dismiss seeks to have the

---

[1] R. Doc. 37. The Motion to Stay Discovery was referred to the undersigned for disposition.
[2] R. Doc. 34

1

claims of Plaintiff, Charles Neely, dismissed, or, alternatively, severed from the claims of Plaintiff, Walter Wilson.[3] The Motion to Dismiss is opposed.[4]

The basis for the Motion to Stay Discovery is that the Motion to Dismiss is dispositive and would protect Movants from "extremely time consuming, undue burden and expense of discovery in this matter," pending a ruling on the Motion to Dismiss.

The decision whether to stay discovery is within a federal district court's discretion.[5] Although discovery may be stayed pending the outcome of a motion to dismiss, "the issuance of a stay is by no means automatic."[6] As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."[7] Fed.R.Civ.P. 26(c) requires the party seeking a stay of discovery to show good cause. Under Rule 26(c), good cause may exist when a party from whom discovery is sought shows that it would suffer, "annoyance, embarrassment, oppression or undue burden or expense" absent a stay.

Here, Movants assert that there is good cause to stay discovery pending resolution of their Motion to Dismiss, or alternatively sever, Plaintiff, Charles Neely's claims. This does not establish good cause to support a stay of all discovery in this matter. While permitting resolution of a dispositive motion that would dispose of the case may support a stay of discovery in some cases, here, the Motion to Dismiss will not result in a disposition of the case. In fact, the Motion to Dismiss would have no effect on the claims of Plaintiff, Walter Wilson, nor does it seek substantive

---

[3] R. Doc. 30.
[4] R. Doc. 32.
[5] *Petrus v. Bowen*, 833 F.2d 581, (5th Cir. 1987)("A trial court has broad discretion to stay discovery until preliminary questions that may dispose of the case are determined.")(citations omitted).
[6] *Von Drake v. National Broadcasting Co., Inc.*, No. 3-04-CV-0652-R, 2004 WL 1144142 at *1 (N. D. Tex. May 20, 2004).
[7] *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N. D. Cal. Oct. 25, 1990).

disposition of Plaintiff, Charles Neely's, claims. Under the circumstances, the request to stay all discovery in this matter is far too broad.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay Discovery, filed by defendants, Sergeant Byran Sharp, Lieutenant Benjamin Oliveaux, and Sergeant Reggie Hawkins, is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 7, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**