UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER WILSON AND                                         CIVIL ACTION
CHARLES NEELY

VERSUS                                                                 NO. 17-84-SDD-EWD

SGT. BRYAN SHARP, LT. BENJAMIN
OLIVEAUX, CPT. JAMES SPURLOCK,
SGT. REGGIE HAWKINS AND
LT. COLONEL STEWART HAWKINS

## RULING AND ORDER

Before the Court is a Motion to Stay Discovery, filed by defendants Sergeant Bryan Sharp, Lieutenant Benjamin Oliveaux, Sergeant Reggie Hawkins and Captain James Spurlock ("Movants").[1] The Motion to Stay Discovery is opposed.[2] For the reasons that follow, the Motion to Stay Discovery is **GRANTED**.[3] Discovery in this matter is stayed pending resolution of the pending Motion to Dismiss filed by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock.[4]

### I. Background

Walter Wilson and Charles Neely (collectively, "Plaintiffs"), are inmates at the Louisiana State Penitentiary in Angola, Louisiana. On February 13, 2017, Plaintiffs filed a Complaint in this Court alleging civil rights violations against Movants and Lieutenant Colonel Stewart Hawkins (collectively, "Defendants").[5] Plaintiffs claim Defendants violated their Eighth Amendment right

---

[1] R. Doc. 50.
[2] R. Doc. 56.
[3] As this motion is not one of the motions excepted in 28 USC § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof. *See, Boyd v. Occidental Fire & Casualty Co. of North Carolina*, Civ. A. No. 10-0672, 2011 WL 4062383, at *1, n. 1 (M.D. La. Sept. 13, 2011).
[4] R. Doc. 47.
[5] R. Doc. 1.

to be free from cruel and unusual punishment and that the Defendants engaged in the use of excessive force against Plaintiffs. Plaintiffs also assert claims under Louisiana state law.[6] Specifically, Plaintiffs allege that Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock used excessive force against Walter Wilson and failed to protect Charles Neely.[7] Plaintiffs also allege that Sgt. Hawkins and Lt. Col. Hawkins used excessive force against Charles Neely and failed to protect Walter Wilson.[8]

On August 28, 2017, Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock filed a Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss"), which seeks the dismissal of Charles Neely's failure to protect claims.[9] In the Motion to Dismiss, Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock assert that Charles Neely's claims must be dismissed for failure to state a claim and because the officers are entitled to qualified immunity with respect to the individual capacity claims asserted against them.[10] The Motion to Dismiss is opposed[11] and is currently pending before the District Judge.

On August 28, 2017, Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock also filed a Motion for Summary Judgment, seeking dismissal of Charles Neely's failure to protect claims based upon Neely's failure to exhaust all administrative remedies in accordance with 42 U.S.C. § 1997e(a).[12] The Motion for Summary Judgment is opposed[13] and is also currently pending before the District Judge.

Also on August 28, 2017, Sgt. Sharp, Lt. Oliveaux and Sgt. Hawkins filed a Motion for Summary Judgment, seeking dismissal of Walter Wilson's excessive force claims against Sgt.

---

[6] R. Doc. 34.
[7] R. Doc. 34 at ¶ 5.
[8] *Id*.
[9] R. Doc. 47.
[10] *Id*. at ¶¶ I and II.
[11] R. Doc. 58. R. Doc. 59, also entitled "Opposition to Rule 12(b)(6) Motion to Dismiss" appears to be a duplicate of R. Doc. 58.
[12] R. Doc. 48.
[13] R. Doc. 61.

2

Sharp and Lt. Oliveaux and dismissal of Wilson's failure to protect claim against Sgt. Hawkins.[14] The Motion for Summary Judgment is based upon Wilson's alleged failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a).[15] That Motion for Summary Judgment is likewise opposed[16] and is currently pending before the District Judge.

On August 28, 2017, Sgt. Sharp, Lt. Oliveaux, Capt. Spurlock and Sgt. Hawkins ("Movants") filed the instant Motion to Stay Discovery.[17] The basis for the Motion to Stay Discovery is that the foregoing Motion to Dismiss and Motions for Summary Judgment[18] are dispositive and Movants "should be shielded from any discovery burdens until the issues of qualified immunity and exhaustion have been resolved."[19] Plaintiffs oppose the Motion to Stay Discovery, asserting that Movants have not shown good cause to stay discovery because, "Even if this Court were to sever the claims in this matter, the prosecution of these claims will not be extinguished."[20]

## II. Law and Analysis

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). As clarification, the *Lion Boulos* court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed

---

[14] R. Doc. 49.
[15] *Id*.
[16] R. Doc. 62.
[17] R. Doc. 50.
[18] R. Docs. 47-49.
[19] R. Doc. 50-1 at p. 1.
[20] R. Doc. 56. Plaintiffs' argument seems to misconstrue the basis for this Motion to Stay. While there is a Motion to Dismiss for Misjoinder or in the alternative Sever Inmate Plaintiffs' Claims (R. Doc 45) pending that was filed by Cpt. Spurlock and Lt. Col. Hawkins, that is not the basis for the Motion to Stay. Instead, Movants argue that they should be "shielded from the burden of discovery until the issues of qualified immunity and exhaustion have been resolved." R. Doc. 50 at p. 1.

to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly broad. *Lion Boulos*, 834 F.2d at 507-08. However, discovery on the issue of qualified immunity "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold immunity question is resolved, discovery should not be allowed."); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Lion Boulos*, 834 F.2d at 507-08) (emphasis in original) ("[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'")

Accordingly, Fifth Circuit precedent permits discovery only after a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant. Even discovery limited to the issue of qualified immunity is only allowed if the court is unable to rule on the qualified immunity defense without additional facts and then only such discovery as is necessary to rule on the qualified immunity defense is permitted.

The question of the qualified immunity defense is before the District Judge on the Motion to Dismiss filed by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock. At least with regard to those three defendants, discovery should be stayed in this matter. The other defendants, Sgt. Hawkins and Lt. Col. Hawkins, have not filed a motion that raises the issue of qualified immunity, however,

4

a trial court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). While a stay of all discovery is neither automatic, nor mandated, under these facts staying all discovery to permit resolution of the qualified immunity defense that has been asserted by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense. For example, even if this Court were to limit the stay order to only discovery directed to Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock, those individuals might still feel compelled to participate in the discovery process related to others, such as depositions of other witnesses that may be scheduled prior to resolution of the qualified immunity issues. Further, Plaintiffs have not argued that a stay of discovery to permit resolution of the qualified immunity issue will prejudice them in any way.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay Discovery,[21] filed by defendants Sergeant Bryan Sharp, Lieutenant Benjamin Oliveaux, Sergeant Reggie Hawkins and Captain James Spurlock, is **GRANTED.** All discovery in this matter is stayed pending resolution of the Motion to Dismiss filed by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock.[22]

---

[21] R. Doc. 53.
[22] R. Doc. 47.

The scheduling conference was continued in this matter to permit resolution of the pending motions.[23] **IT IS FURTHER ORDERED** that the parties are to submit a Joint Status Report within fourteen (14) days of a ruling(s) that resolves the pending motions to the extent all claims are not dismissed by such ruling(s).

Signed in Baton Rouge, Louisiana, on October 17, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] R. Doc. 55.